

Contact Us    My Account

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK TO SEARCH

| ERENTON STEPHENS VS WASTE MANAGEMENT INC. OF FLORIDA | | | |
|---|---|---|---|
| **Local Case Number:** | 2021-004864-CA-01 | **Filing Date:** | 02/26/2021 |
| **State Case Number:** | 132021CA004864000001 | **Judicial Section:** | CA11 |
| **Consolidated Case No.:** | N/A | **Case Type:** | Discrimination - Employment or Other |
| **Case Status:** | OPEN | | |

## 👥 Parties
Total Of Parties: 2

⇨ EXPORT TO CSV

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | Stephens, Erenton | **B#: (Bar Number)** 115578<br>**N: (Attorney Name)** Regueiro, Ranier | |
| Defendant | WASTE MANAGEMENT INC. OF FLORIDA | | |

## 🔨 Hearing Details
Total Of Hearings: 0

| Hearing Date | Hearing Time | Hearing Code | Description | Hearing Location |
|---|---|---|---|---|
| | | | | |

## 📡 Dockets
Total Of Dockets: 7

⇨ EXPORT TO CSV

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | | 03/12/2021 | | 20 Day Summons Issued | Service | |
| 📄 | 6 | 03/12/2021 | | ESummons 20 Day Issued | Event | Parties: WASTE MANAGEMENT INC. OF FLORIDA |

Composite Exhibit A

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 5 | 03/10/2021 | | Receipt: | Event | RECEIPT#:2570422 AMT PAID:$10.00 NAME:REGUEIRO, RANIER 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00 RECEIPT DATE:03/10/2021 REGISTER#:257 CASHIER:EFILINGUSER |
| 4 | 03/09/2021 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 3 | 02/27/2021 | | Receipt: | Event | RECEIPT#:2540237 AMT PAID:$401.00 NAME:REGUEIRO, RANIER 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 RECEIPT DATE:02/27/2021 REGISTER#:254 CASHIER:EFILINGUSER |
| 2 | 02/26/2021 | | Complaint | Event | |
| 1 | 02/26/2021 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK TO SEARCH

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

### General

| Online Case Home | Civil / Family Courts Information | Login |



**HARVEY RUVIN**
Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

### Help and Support

| Clerk's Home | Privacy Statement | ADA Notice | Disclaimer | Contact Us |
| About Us |

305-275-1155

©2021 Clerk of the Courts. All rights reserved.



- 1 -

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Erenton Stephens</u>
Plaintiff

Case # _____
Judge  _____

vs.
<u>WASTE MANAGEMENT INC. OF FLORIDA</u>
Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.   TYPE OF CASE**   (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -
Composite Exhibit A

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -
Composite Exhibit A

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   2

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ yes
   ☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ no
   ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒ yes
   ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Rainier Regueiro          Fla. Bar # 115578
          Attorney or party                        (Bar # if attorney)

Rainier Regueiro            02/26/2021
(type or print name)         Date

- 3 -
Composite Exhibit A

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA

**ERENTON STEPHENS,**

    Plaintiff,

CASE NO.: _____

v.

**WASTE MANAGEMENT INC. OF FLORIDA,**

    Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, **ERENTON STEPHENS** ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, **WASTE MANAGEMENT INC. OF FLORIDA**, ("Defendant"), and alleges as follows:

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA"); to redress injuries resulting from Defendant's unlawful race and national-origin-based discriminatory treatment towards Plaintiff.

2. At all times material hereto, Plaintiff was a resident of Miami Dade County, Florida.

3. Plaintiff continues to be, a resident of Miami Dade County, Florida.

4. Defendant is a for Profit Corporation with its principal place of business located in Harris County, Texas.

5. Defendant conducts and operates business in several Florida counties including Miami Dade County, Florida.

6. Venue is proper in Miami Dade County because all of the actions complained of herein occurred within the jurisdiction of Miami Dade County at Defendant's business.

Composite Exhibit A

7. Defendant was a "person" and/or an "employer" pursuant to the Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.,* since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the "FCRA".

8. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.*

9. Plaintiff is a member of a class of persons protected from Discrimination in his employment under the Florida Civil Rights Act of 1992 (FCRA), Fla *Stat. Section 760, et seq.*

10. On or about May 7, 2019, Plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

11. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

12. Plaintiff is a Black individual of Haitian national origin, and within a class of individuals protected by the FCRA.

13. On or about December 2018, Plaintiff was hired by Defendant as a Front Load Driver.

14. Throughout Plaintiff's employment with Defendant, Plaintiff had been subjected to discriminatory treatment by his supervisors.

15. Plaintiff was initially hired by Waste Management as a front load and two weeks later was promoted to the roll off driver position.

Composite Exhibit A

16. These two positons have a substantial pay difference, with the front load paying one hundred and twelve dollars a day while the roll off driver position payed around two hundred and ten dollars a day.

17. Although his positon changed, plaintiff's pay remained the same.

18. Stephens brought this to the attention of his HR Rep Katia (LNU) and was told that she would look into it.

19. Plaintiff was the only Black individual that was switched to this position without the corresponding raise.

20. Plaintiff would also work on Sundays and was never paid the appropriate amount as the fiat rate was two hundred dollars.

21. Instead he was compensated an hourly rate of ten dollars, and was told that he didn't qualify for baseless reasons.

22. Plaintiff was the only individual that was never compensated the two-hundred-dollar flat fee.

23. On or about January 24, 2019, Stephens was sent to training in Fort Myers and during his training was called a "Nigger" by his White-American coworker Joel Rivera.

24. Plaintiff politely requested that he stop making those derogatory comments as they were offensive.

25. Rivera continued, causing plaintiff to walk away only to be put in a room by manager Murr (LNU).

26. Shortly after being placed in this room plaintiff was instructed to leave and go home without completing his training.

27. Joel Rivera (White-Hispanic) wasn't asked to leave and was not reprimanded for his comment towards plaintiff.

28. Subsequently, after being sent home, plaintiff went back to his facility in Medley and was terminated by his manager Jean(LNU) site general manager Rick(LNU).

29. Plaintiff was ultimately terminated on or about January 30, 2018, for discrimination based on his national origin, race, and color.

## COUNT I
### *National Origin Discrimination in Violation the FCRA*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

31. Plaintiff is a member of a protected class under the FCRA.

32. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on national origin.

33. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Haitian.

34. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

35. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

36. Defendant retained all employees who exhibited discriminatory conduct toward the

Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

37. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

38. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

39. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

40. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to his position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Race Discrimination in Violation of the FCRA*

1. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-34 above as if set out in full herein.

2. Plaintiff is a member of a protected class under the FCRA.

3. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

4. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff was Black.

5. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

6. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

7. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

8. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

9. The conduct of Defendant, by and through the conduct of its agents, employees, and/or

representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

10. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

11. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

Composite Exhibit A

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: February 26, 2021                                Respectfully submitted,

                                                        /s/ Rainier Regueiro
                                                        Rainier Regueiro, Esq.
                                                        Florida Bar Number: 115578
                                                        rregueiro@rgpattorneys.com
                                                        **REMER & GEORGES-PIERRE, PLLC**
                                                        COURTHOUSE TOWER
                                                        44 West Flagler Street, Suite 2200
                                                        Miami, FL 33130
                                                        Telephone: (561) 225-1970
                                                        Facsimile: (305) 416-5005

Composite Exhibit A

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

**ERENTON STEPHENS,**

    **Plaintiff,**

                                    CASE NO.: 2021-004864-CA-01

**v.**

**WASTE MANAGEMENT INC. OF FLORIDA,**

    **Defendant.**

_____/

**SUMMONS IN A CIVIL CASE**

**TO: WASTE MANAGEMENT INC. OF FLORIDA**, through its Registered Agent:

        CT CORPORATION SYSTEM
        1200 SOUTH PINE ISLAND ROAD
        PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        RAINIER REGUEIRO, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        COURTHOUSE TOWER
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                                                DATE

_____
(BY) DEPUTY CLERK

Composite Exhibit A

Filing # 122790278 E-Filed 03/09/2021 04:32:41 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

**ERENTON STEPHENS,**

    **Plaintiff,**

CASE NO.: 2021-004864-CA-01

v.

**WASTE MANAGEMENT INC. OF FLORIDA,**

    **Defendant.**

_____/

## SUMMONS IN A CIVIL CASE

**TO: WASTE MANAGEMENT INC. OF FLORIDA**, through its Registered Agent:

    CT CORPORATION SYSTEM
    1200 SOUTH PINE ISLAND ROAD
    PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    RAINIER REGUEIRO, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    COURTHOUSE TOWER
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

3/12/2021

_____
CLERK                                        DATE

_____
(BY) DEPUTY CLERK

Composite Exhibit A